CICELY RUNT *v.* ILLINOIS CENTRAL RAILROAD COMPANY

*and*

MARSH HOLDEN, ADMINISTRATOR, *v.* ILLINOIS CENTRAL RAILROAD COMPANY.

[41 South. Rep., 1.]

1. DEATH. *Action for. Law governing.*

An action cannot be maintained in this state for the killing of a person elsewhere, unless the right to sue be given by the laws of the state or country in which the killing occurred.

2. SAME. *Louisiana law. Bastard.*

Under the laws of Louisiana, giving the surviving father and mother, or either, an action for the wrongful death of a minor child, neither can maintain an action for the death of a bastard not legitimized; nor can an administrator of the decedent do so.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Mrs. Runt, appellant, was plaintiff in one of the suits, and Holden, administrator, was plaintiff in the other; the railroad

company, appellee, was defendant in both suits. Both were for the alleged wrongful killing by the railroad company of one Haley Williams, deceased, an eighteen-year-old lad, a bastard son of the appellant, Mrs. Runt, and of whose estate, appellant Holden was administrator. The two suits were consolidated; a demurrer to the declaration in each of them was sustained, and, plaintiffs declining to amend, the suits were dismissed and plaintiffs appealed to the supreme court. The facts are stated in the opinion of the court.

*Green & Green,* for appellant in each case.

Where consolidation is consented to by all of the parties, they in effect agree that the separate actions shall be discontinued, and a new and distinct action shall be created in which shall be included and litigated all of the questions presented by the pleadings in the former actions. The power and jurisdiction of the court with reference to this new action are the same as though it had been brought in the manner in which actions are ordinarily instituted. 4 Ency. Pl. & Pr., 701.

The result here would be the same as in *Natchez R. R. Co.* v. *Cook,* 63 Miss., 38, as explained in *McVey* v. *Railroad,* 73 Miss., 493 (s.c., 19 South. Rep., 209), where there was an agreement that if in any phase of the case defendants were liable that plaintiff should recover.

The injury having occurred in Louisiana, the laws of that state as to the existence of a cause of action would govern. *Pullman Co.* v. *Lawrence,* 74 Miss., 782 (s.c., 22 South. Rep., 53); Code 1890, § 2315.

The separate claims for damages by the widow and as a natural tutrix of her children are properly joined in one suit. *Clarion* v. *Western Union Co.,* 40 La. Ann., 178.

The heir could recover only such damages as the deceased might have received if he had lived. *Vredenburg* v. *Behan,* 33 La. Ann., 627; *Van Amberg* v. *Railroad,* 37 *Id.,* 651.

In Louisiana the mother is the natural tutrix of and inherits from her illegitimate child to the exclusion of natural brothers and sisters. 27 Am. & Eng. Ency. Law (2d ed.), 332, and note citing *Nolasco* v. *Lurty,* 13 La. Ann., 100, and the natural child inherits from the mother. *Bourrique* v. *Charles,* 31 South. Rep., 757.

There are two causes of action under the statutes, one for the injured decedent, and the other for the next of kin. *Eichorn* v. *Railroad,* 36 South. Rep., 335. Just as there is under Acts 1898, ch. 65.

In *Railroad Co.* v. *Williams,* 78 Miss., 214 (s.c., 28 South. Rep., 853), the case of *Marshall* v. *Railroad,* 120 Mo., 275, was cited, and this court refused to follow it expressly on the grounds (1) that the mother in Missouri was the natural guardian, and (2) that there the mother could inherit from her natural child.

In Louisiana, as shown above, the mother is the natural tutrix, and she inherits from her illegitimate child.

In the case at bar, under the Louisiana statute, as under Acts 1898, ch. 65, there are two causes of action, one that of the decedent, and one of the mother, and chapter 65 expressly requires that there shall be but one suit to assert both causes of action. The laws of Mississippi govern as to parties and procedure. 22 Am. & Eng. Ency. Law (2d ed.), 1883.

In *Railroad Co.* v. *Johnson,* 77 Miss., 727 (s.c., 28 South. Rep., 753), under a Mississippi cause of action the sister sued and no question was raised or decided as to the cause of action of deceased.

In *A. & V. Ry. Co.* v. *Williams,* 78 Miss., 214 (s.c., 28 South. Rep., 853), the suit was by the mother on a Mississippi cause of action, in her own right, and not in the right of the decedent under Acts 1898, ch. 65.

In that case, as stated above, the case based on the law of Missouri, identical with that of Louisiana in this regard, was

not followed, as that was a Mississippi cause of action to which the Missouri statute did not apply.

Here the laws of Louisiana govern as to the cause of action.

The statute (Acts 1904, ch. 87) changes the public policy of the state so that a then existing cause of action under the Louisiana law was beyond doubt enforceable here. The cause of action was transitory, and was at the beginning of the suit enforceable here, but this chapter 87 brings it fully under *Chicago, etc., R. R. Co. v. Doyle,* 60 Miss., 983; *Crudup* v. *Railroad Co.,* 63 Miss., 291.

*Mayes & Longstreet,* and *J. M. Dickinson,* for appellee.

The principles of law controlling in each case may easily be applied, and the court can intelligently dispose of both issues on this appeal. The statute of Louisiana in force at the time of the injury and death, and still operative, is as follows:

"ART. 2315 (2294).—*Obligation to repair damages caused by wrongful acts: Survivorship of action.*—Every act whatever of man that causes damage to another obligates him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the minor children or widow of deceased or either of them, and in default of these, in favor of the surviving father and mother or either of them, for the space of one year from the death. The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife, as the case may be." Merrick's Revised Civil Code of Louisiana, 1900, bottom page 559.

It will be observed by the court that this statute, in referring to "children" or to the parents of such children, contains no provision with respect to "natural children."

When the term "children" is used in Merrick's code, and in the statutes of Louisiana, only "legitimate children" are meant. The provision of the code of Louisiana on the subject is as follows:

"Natural children, even though recognized, make no part of children properly so called, unless they have been legitimized." Merrick's Civil Code of Louisiana, 1900, sec. 8, ch. Definitions, bottom p. 930.

Therefore, we see that the only statute Louisiana has on the subject saves no rights to Cicely Runt. The law of Louisiana, as declared in the chapter on Definitions, set out above, is the rule adhered to by a vast majority of the states of this Union, and is the rule in Mississippi; for in the case of *Railway* v. *Williams,* 78 Miss., 215, it is expressly held that the law of this state, in accord with the law of nearly all the other states, is that when the term "children" is used in statutes, the term refers only to legal heirs and issue.

Chapter 3 of Merrick's Louisiana Code, bottom p. 204, declares the rule of that state with respect to the law of illegal succession, sec. 922, p. 206, is the only section which could be even distorted to an apparent application to the question under consideration. That section provides as follows:

"ART. 922. *Parents when heirs to natural children.*—The estate of a natural child deceased without posterity belongs to the father or mother who has acknowledged him, or in equal proportions to the father and mother when he has been acknowledged by both of them."

Article 206, Merrick's Code, p. 50, also applies here. It is clearly apparent because of two facts, that this statute gives no right to the mother or to the administrator of Haley Williams; first, because the word "estate," and the connection in which it occurs in the statute, indicates clearly that the word is used to mean only actual property, real, personal and mixed. In the second place, it is conclusive that even if the word "estate" by construction similar to that had in this state, should be held to include a right of action, still, that neither Cicely Runt nor the administrator of Haley Williams can recover, because it is nowhere averred nor appears in any pleadings, that the mother,

Cicely Runt, ever formally and openly "acknowledged" Haley Williams as her natural child. This fact of "acknowledgment" was an essential prerequisite to the right of the mother, even under art. 922, to inherit any estate or right; and this acknowledgment the law of Louisiana provides for by a formal and fixed procedure.

Articles 202 and 203 of Merrick's Code of Louisiana, p. 49, .provides how this formal and legal acknowledgment shall be made. It requires a formal writing, executed before a notary public, in the presence of two witnesses, unless such acknowledgment has been formally made at the christening or baptism of the ·child. It is not pretended in the record anywhere that Cicely Runt ever so acknowledged Haley Williams.

We deem it hardly necessary to argue to this court that the administrator, March Holden, could not maintain an action to recover in the right of Haley Williams, actual or punitory damages, growing out of the injury to Williams.

In the first place, he could not maintain it because the rights of the individual injured are not preserved after death, by art. ·2315 of Merrick's Code. In other words, no change is made from the rule declared by Lord Campbell's act with respect to the injured person himself. His rights die, unless there are members of the class to whom they are saved, alive; and the members of this class sue only for such damages as may have been suffered by them on account of the death of the injured person.

If all of Haley Williams' personal rights ceased with his death, then an administrator can claim no right to assert any of them. Secondly, because art. 2315 saves no right of any sort to an administrator, nor is there any statute of Louisiana which authorizes an administrator to bring such a suit, or which invests such a representative with any rights of action.

We contend, and it is conceded by counsel for appellant, that this case is controlled in every respect by the law of Louisiana, the place of the injury and the death; the place of the origin of

the alleged cause of action.    In our own state it has been held
that the law of the place of the injury controls.    *N. O., J. & G.
N. R. R. Co.* v. *Wallace,* 50 Miss., 250;    *Crudup* v. *R. R. Co.,* 63
Miss., 29.

In the *Crudup case* just cited, our court expressly holds that
an administrator cannot sue in the courts of this state, unless the
law of the state where the right of action was alleged to arise
expressly authorizes such a representative to sue.    In this case
a Tennessee administrator was allowed to sue in a Mississippi
court, solely and wholly because such a representative is expressly
authorized by the law of Tennessee to sue for injuries resulting
in death.   But there is no such saving in the law or statutes of
Louisiana. ·

CALHOON, J., delivered the opinion of the court.

Haley Williams, a minor eighteen years of age, was killed, as
it is alleged, by the gross negligence of appellee's servants in
charge of a train, the disaster occurring in the state of Louisiana,
the death of Williams caused by it occurring in that state the next
day after it.    Cicely Runt, averring herself to have been his
mother, sued in this state for compensatory and punitive dam-
ages.    A plea to this declaration was that Williams was a bas-
tard, never legitimized, to which a demurrer was overruled.
Another declaration was filed by Marsh Holden, administrator
of Williams, for both actual and punitive damages, on the same
tort, which declaration avers that he was without lawful father
or mother or brothers or sisters, and was never married.    A
demurrer to this was sustained.    There was an order, by consent,
consolidating the two actions, and it was agreed that the court
"take judicial notice of the statutes, laws and decisions of the
supreme court of the state of Louisiana" in deciding the ques-
tions arising in the case.    On the action on the two demurrers,
plaintiffs below declined to plead further, and appeal.

The question is whether, by the laws of Louisiana, any right
of action survives to the natural mother, or to the administrator

of the deceased, or to both.    The laws of Mississippi have no pertinency whatever to the case, since the accident occurred in Louisiana.    A right of action for damages is transitory, of course; but, if there was no right of action at all by the law of the place, there is nothing to be transitory.    This is the precise question before us.    At common law there was no remedy. · This is too clear for debate.    Lord Campbell's act gives no right to the kin of illegitimates.    This is too clear for debate.    This was the law in Mississippi until there was legislative provision for bastards.    Louisiana has no provision for succession to claims for damages resulting in death to illegitimates.    By all statutes the word "children" means legitimate children, unless the contrary be expressed.    This is uniformly held by the courts.    In Louisiana, as at common law, until statutes intervened, the right of action for tort died with the person injured, regardless of purity of birth.    Merrick's Rev. Civ. Code La., 1900, art. 2315, gives the right of survivorship for action to "the minor children, or widow of the deceased, and in default of these, in favor of the surviving father and mother, or either of them."    This cannot be availed of in this case, as its reference is to legitimates only. Deceased, in fact, had no children nor wife, ·and, in the eye of the law, he had neither father nor mother.

Merrick's Rev. Civ. Code, art. 3556, cl. 8, expressly says: "Natural children, even though recognized, make no part of the children properly so called, unless they have been legitimated." There is no pretense of any legitimation here, and art. 240 of that code provides how legitimation may be effected, and that is by solemn act before a notary and two witnesses declarative of the intention.

Even if there was a question of inheritable estate, it would go to the father or mother of the bastard only if they had "acknowledged him," under art. 922 of that code, and by art. 203 such acknowledgment must be by "declaration executed before a notary in presence of two witnesses."    But there is no question

of inheritable estate in this case.    The only question is that of
the right of the mother of a natural child, or the administrator
of his estate, to sue for damages resulting in his death.    The
judicial decisions of the state of Louisiana, with all their statutes
before them, and of the supreme court of the United States con-
struing the same laws, accord with our view that appellants can-
not sue.    The cases are cited in the brief for appellee, and the
citations will be made to appear in the report, so they need not
be set out in this opinion.    In *Railway* v. *Williams*, 78 Miss.,
216 (s.c., 28 South. Rep., 853; 51 L. R., 836; 84 Am. St. Rep.,
624), this court referred to *Marshall* v. *Railroad*, 120 Mo., 275
(25 S. W. Rep., 179), holding a contrary view, and stated that
the opinion was expressly grounded on two statutes of that state,
one declaring the mother to be the natural guardian of her ille-
gitimate child, and the other declaring that she might inherit
from it; and we said there were no such statutes in Mississippi.
The trouble is that, if both these statutes existed in Louisiana,
nevertheless, on the decisions there, and on the statutes, there is
not any survivorship, in this sort of a case, to the right to sue for
damages for a tort resulting in death.

*Affirmed.*